IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATH VINCENT FULKERSON,<br><br>    Plaintiff,<br><br>    v.<br><br>U.S. DEPARTMENT OF JUSTICE, et al.,<br><br>    Defendants. | Case No. 20-cv-00481-MMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO SUBMIT AMENDED COMPLAINT; ORDER TO SHOW CAUSE** |

By order filed May 18, 2020, the Court extended to June 10, 2020, the deadline to serve the defendants named in the above-titled action, and extended to June 17, 2020, the deadline for plaintiff to file proof of service. On June 15, 2020, plaintiff filed proof of service, showing defendants were served on June 10, 2020.

Now before the Court is plaintiff's "Motion to Submit Amended Complaint," filed June 8, 2020. A party may amend its pleading once as a matter of course within 21 days after serving it. See Fed. R. Civ. P. 15(a)(1)(A). Accordingly, plaintiff's motion is hereby GRANTED.

The Court notes, however, that the above-titled action is brought solely against United States agencies, and, in any such action, venue is only proper in the "judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action." See 28 U.S.C. § 1391(e). Under this section, venue in the instant action does not appear to be proper in the Northern District of California.

First, for purposes of venue under 28 U.S.C. § 1391(e)(1), federal agencies

1  "reside in Washington, D.C.," see Williams v. United States, No. C-01-0024 EDL, 2001
2  WL 1352885, at *1 (N.D. Cal. Oct. 23, 2001) (holding "[v]enue does not lie in every
3  judicial district where a federal agency has a regional office" (citing Reuben H. Donnelly
4  Corp. v. Federal Trade Comm'n, 580 F.2d 264, 267 (7th Cir. 1978))), and, consequently,
5  venue based on defendants' residence is only proper in the District of Columbia.

6  Second, plaintiff does not allege that a substantial part of the events or omissions
7  giving rise to his claim occurred in the Northern District of California. Rather, according
8  to the initial complaint, the events or omissions giving rise to plaintiff's claims "have all
9  occurred in and around the Reno, Nevada area." (See Compl., filed Jan. 22, 2020, at 4.)
10 Likewise, all the events described in plaintiff's amended complaint appear to have
11 occurred in Nevada. (See Amended Compl., filed June 8, 2020.) Further, to the extent
12 real property is the subject of the instant action, the only such property noted in either the
13 initial or amended complaint is plaintiff's residence, which, according to plaintiff, is located
14 in Reno, Nevada. (See Compl. at 1; Amended Compl. at 3:1.) Consequently, venue
15 under both 28 U.S.C. § 1391(e)(2) and § 1391(e)(3) is only proper in the District of
16 Nevada.

17 Accordingly, plaintiff is hereby ORDERED TO SHOW CAUSE, in writing and no
18 later than June 26, 2020, why the above-titled action should not be dismissed for
19 improper venue, without prejudice to refiling in the District Court for the District of Nevada
20 or the District Court for the District of Columbia. See 28 U.S.C. § 1406(a).

21 **IT IS SO ORDERED.**

23 Dated: June 16, 2020

MAXINE M. CHESNEY
United States District Judge