IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATH VINCENT FULKERSON,<br><br>    Plaintiff,<br><br>    v.<br><br>U.S. DEPARTMENT OF JUSTICE, et al.,<br><br>    Defendants. | Case No. 20-cv-00481-MMC<br><br>**ORDER OF DISMISSAL** |

      On June 16, 2020, the Court granted plaintiff Heath Vincent Fulkerson's Motion, filed June 8, 2020, "to Submit Amended Complaint," and ordered plaintiff to show cause, in writing and no later than June 26, 2020, why the above-titled action should not be dismissed for improper venue.  Thereafter, plaintiff filed, on June 19, 2020, a "Request to Submit Amended Complaint," as well as a proposed second amended complaint ("SAC"), and, on June 23, 2020, a "Request to Submit Points of Authority for Fault of Each Defendant," which filings the Court construes as plaintiff's response to the above-referenced order to show cause.  Having read and considered plaintiff's filings, the Court deems the matter suitable for decision on the written submissions and rules as follows.

      In its order to show cause, the Court noted the above-titled action is brought solely against United States agencies, and, citing 28 U.S.C. § 1391(e), found venue in any such action is only proper in the "judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action."  See 28 U.S.C. § 1391(e).  Pursuant to § 1391(e), the Court further found venue in the instant action is not proper in the Northern District of California, but rather in the District of Columbia, where federal

1  agencies reside for purposes of venue under § 1391(e)(1), see Williams v. United States,
2  No. C-01-0024 EDL, 2001 WL 1352885, at *1 (N.D. Cal. Oct. 23, 2001), or in Nevada,
3  where the events or omissions giving rise to plaintiff's claims occurred and where the only
4  property noted in either the initial or amended complaint, specifically, plaintiff's residence,
5  is located.  As set forth below, plaintiff has failed to provide any basis to alter those
6  findings.
7        First, in his Request to Submit Amended Complaint, plaintiff states he "revised the
8  complaint to explain the choice of venue."  (See Req., filed June 19, 2020, at 1:16.)  In
9  that regard, plaintiff, in his proposed SAC, alleges the "venue was chosen . . . to keep the
10 corruption and illegal government activities further away from the court preceding [sic]."
11 (See Proposed SAC, filed June 19, 2020, at 1:27.)  In addition, plaintiff alleges, he "has
12 encountered numerous people following him, trying to intimidate him, people stealing
13 court documents from his home, his vehicle, and from the U.S. Post Office" (see id. at
14 1:28) and he "has also encountered communication fraud with regards of communicating
15 with the district court" (see id. at 1:28-2:1).  Even assuming the truth of such allegations,
16 however, none provide a basis for finding venue is proper in the Northern District of
17 California.  See 28 U.S.C. § 1391.
18       Next, even if the Court were to grant plaintiff leave to file his proposed SAC, none
19 of the allegations therein suffice to establish venue in this district.  The only defendants
20 named in the proposed SAC are the same federal government agencies against whom
21 plaintiff brought his initial complaint, and, consequently, to the extent plaintiff is relying on
22 the residence of those defendants, venue is only proper in the District of Columbia.  See
23 28 U.S.C. § 1391(e)(1); Williams, 2001 WL 1352885, at *1.  To the extent plaintiff is
24 relying on the circumstances underlying his claims, the proposed SAC lacks any factual
25 allegations to support a finding that any events or omissions occurred in, or any property
26 is situated in, the Northern District of California.  Rather, in said proposed pleading,
27 plaintiff alleges and seeks relief based on "events occurring in the State of Nevada" (see
28 Proposed SAC at 4:14), and the only properties noted are plaintiff's residence and

business, both of which, plaintiff alleges, are located in Reno, Nevada (see Compl., filed Jan. 22, 2020, at 1; Amended Compl., filed June 8, 2020, at 3:1; Proposed SAC at 3:25), thereby eliminating any other grounds upon which venue may be based in the Northern District of California, see 28 U.S.C. § 1391(e)(2)&(3).

Lastly, nothing in plaintiff's Request to Submit Points of Authority for Fault of Each Defendant, whereby plaintiff describes in further detail the wrongdoing alleged in the proposed SAC, provides a basis for finding venue is proper in this district. As with the proposed SAC, such filing fails to describe any event occurring here.

Accordingly, the Court finds the Northern District of California is not a proper venue for the above-titled action.

Pursuant to 28 U.S.C. § 1406, when a case is filed in an improper venue, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." See 28 U.S.C. § 1406(a). Here, rather than transfer the case to one of the two districts in which venue is proper, the Court finds it preferable to dismiss the instant action and allow plaintiff to refile his claims in the district of his choice.

Accordingly, the above-titled action is hereby DISMISSED without prejudice to refiling in the District Court for the District of Nevada or the District Court for the District of Columbia.

**IT IS SO ORDERED.**

Dated: July 7, 2020

MAXINE M. CHESNEY
United States District Judge